UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAYRIE BOYCE,

    Plaintiff,

v.                                                             Case No. 1:09-cv-271
                                                             Hon. Gordon J. Quist

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
                                           /

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for disability insurance benefits (DIB) and Supplemental Security Income (SSI).

Plaintiff was born on July 24, 1956 and has a bachelor's degree (AR 71, 535).[1] She alleged a disability onset date of September 14, 2005 (AR 71). Plaintiff had previous employment in the banking industry (mutual fund coordinator, cash fund coordinator, commercial loan processor and customer service representative) and as a kiosk manager for ticket sales (AR 115). Plaintiff identified her disabling condition as asthma (AR 104). On September 2, 2008, an Administrative Law Judge (ALJ) reviewed plaintiff's claim *de novo* and entered a decision denying benefits (AR 15-25). This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

---

[1] Citations to the administrative record will be referenced as (AR "page #").

## I. LEGAL STANDARD

This court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. §405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Servs.*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §§ 404.1505 and 416.905; *Abbott v. Sullivan*, 905 F.2d

918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

The federal court's standard of review for SSI cases mirrors the standard applied in social security disability cases. *See Bailey v. Secretary of Health and Human Servs.*, No. 90-3265, 1991 WL 310 at * 3 (6th Cir. Jan. 3, 1991). "The proper inquiry in an application for SSI benefits

is whether the plaintiff was disabled on or after her application date." *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993).

## II. ALJ'S DECISION

Plaintiff's claim failed at the fifth step. At step one, the ALJ found that plaintiff has not engaged in substantial gainful activity since September 14, 2005 and had earned sufficient quarters of coverage to meet the insured status requirements of the Social Security Act through December 31, 2010 (AR 18). At step two, the ALJ found that plaintiff suffered from severe impairments of: "asthma with allergies, obesity, major depressive disorder, and panic disorder" (AR 18). At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1(AR 20).

The ALJ decided at the fourth step that plaintiff had the residual functional capacity:

> to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she must avoid concentrated exposure to respiratory irritants (dust, fumes, gases, odors, chemicals, humidity, temperature extremes, etc.) and cannot maintain the concentration necessary to execute more than simple (one or two step) job tasks.

(AR 21). The ALJ also found that plaintiff was unable to perform her past relevant work (AR 23). At the fifth step, the ALJ determined that plaintiff could perform a significant number of jobs in the national economy (AR 24). Specifically, plaintiff could perform approximately 33,000 jobs in the regional economy involving light work: assembler (16,000 jobs); machine operator (6,000 jobs) and clerk (11,000 jobs) (AR 25). Accordingly, the ALJ determined that plaintiff was not disabled under th Social Security Act (AR 18).

4

### III. ANALYSIS

Plaintiff has raised one issue on appeal:

**The Social Security Administration failed to give proper weight to the treating doctor's opinions that plaintiff needs to avoid nearly all exposure to asthma triggers, instead limiting her to avoiding merely "concentrated" exposure to her asthma triggers.**

Plaintiff contends that the ALJ failed to give proper weight to the opinions of a treating source, Keith Marcus, M.D. Dr. Marcus provided three opinions. In a letter dated September 29, 2005, the doctor stated in pertinent part as follows:

> Mayrie Boyce is under my medical care. She has a history of environmentally induced asthma, which causes severe asthmatic attacks sometimes requiring emergency room visits. Her asthma is triggered by exposure to perfume and flower scents and typically are at their worst when she is working in an enclosed area where these scents are present.
>
> Because of these environmental triggers for her asthma, her job requirements limit her to exposure to these stimuli for her asthma.

(AR 466).

In a letter dated July 5, 2006, Dr. Marcus expressed the opinion that plaintiff's asthma caused more work restrictions:

> This is a letter of medical limitation for Mayrie Boyce who has been a longstanding patient of mine. Mayrie has severe atopic related asthma with multiple environmental triggers. These environmental triggers have lead to her inability to work in several situations, which include exposure to dust, perfume, flowers, solvents such as Windex or Pledge, chemicals such as paint or varnish fumes, smoke, moldy paper, or high humidity conditions.
>
> These environmental exposures resulted in her being unable to continue her job at a local bank, as her employers were unable and/or unwilling to keep these environmental agents out of the work place.
>
> It is therefore my medical opinion that unless employment with fairly strict environmental exposure restrictions becomes available that this patient is completely disabled at this time.

(AR 465).

> Dr. Marcus updated his opinion in a letter dated August 12, 2007:
>
> > This is a letter of medical disability for Mayrie Boyce. This is an update to a letter that was provided on July 6, 2006. Mayrie is diagnosed with severe atopic asthma. She has multiple environmental triggers, which include exposure to dust, perfume, flowers, solvents, smoke, moldy paper, high humidity, and other fumes that are commonly present in many work environments. This has caused her medical disability in that most work environments cause her exposure to these substances and have, in the past, caused multiple severe asthmatic attacks.
> >
> > As a result of this Mayrie is unable to work in almost any work environment outside of her home. She is therefore training for occupational work that she can do from her home. This training is not yet complete and because of that Mayrie is remaining on medical disability until such time as she has successfully completed her occupational training to begin a home-based occupation.

(AR 464).

The ALJ's decision refers to plaintiff's history of asthma in determining that this condition was a severe impairment at step two of the sequential evaluation:

> A review of the medical evidence of record reveals that the claimant has a many year history of asthma, with her symptom triggers well established, for which she has been prescribed medication therapy. This continues to be monitored and revised as necessary by her treating medical sources (Exhibits 6f, 8f, and 9f).

(AR 19). The exhibits referred to by the ALJ in this passage (i.e., 6f, 8f and 9f) include over 160 pages of medical history related to plaintiff's asthma (AR 235-45, 252-335, and 336-407). However, the ALJ does not address the contents of any exhibit.

In discussing plaintiff's residual functional capacity, the ALJ summarized plaintiff's treatment (without citation to any exhibits):

> The evidence of record clearly documents that the claimant has a many year history of asthma and allergies for which she has been prescribed medication therapy. However, there is no evidence to show that her respiratory disorder has ever required in-patient hospitalization for treatment of breathing-related complications, nor does the record show that she has required frequent emergent visits to physicians

6

for treatment of symptoms unresponsive to her medication regimen. While the undersigned finds it reasonable to conclude that concentrated exposure to respiratory irritants such as gases, fumes, odors, poor ventilation, humidity, etc., could precipitate her development of asthma symptoms, such a limitation does not preclude the performance of all work activity.

(AR 22).

The ALJ then addressed Dr. Marcus' opinions, determining that the opinions offered in July 2006 and August 2007 exaggerated plaintiff's limitations arising from her asthma:

> The undersigned has also considered the opinion offered in September 2005 by the claimant's primary care physician, K. Marcus, M.D., who stated that the claimant's job should limit her exposure to perfume and flower scents, especially if working in an enclosed area, as such were noted triggers of her asthma (Exhibit 16f/p.3) [AR 466]. A finding of such a limitation is entirely consistent with the record as a whole, and has been factored into the residual functional capacity determination in this decision. The undersigned notes that Dr. Marcus' later statements, offered in July 2006 and August 2007, in which he indicated that he considered the claimant "completely disabled unless employment (involved) fairly strict environmental exposure restrictions" and that she is "unable to work in almost any work environment outside of her home" due to asthma triggers "commonly present in many work environments," appear rather exaggerated but, yet, these statements still essentially indicate that the claimant is not precluded by her asthma from performing all work activity, just that which exposes her to asthma triggers (Exhibit 16f/pp. 1, 2) [AR 463-65] and, again, such a limitation has been factored into the residual functional capacity determination of this decision.

(AR 23).

Plaintiff contends that the ALJ's decision is in error because the ALJ never considered whether Dr. Marcus' opinions should have received controlling weight. First, plaintiff contends that the ALJ's decision failed to comply with Social Security Ruling (SSR) 96-2p, which provides in pertinent part that an ALJ's decision:

> must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.

7

SSR 96-2p.² Second, plaintiff contends that the ALJ's decision did not comply with the requirements of 20 C.F.R. §§ 404.1527(d) and 416.927(d), which provides that if a treating source opinion does not receive controlling weight, the Agency will consider factors in deciding the weight to be given to the opinion, including: whether the doctor has examined the patient; whether the doctor has treated the patient; the length of the treatment relationship; the extent of the treatment; the support of the medical evidence for the opinion; the consistency of the opinion as a whole; and the area of medical specialty of the opinion provider.

A treating physician's medical opinions and diagnoses are entitled to great weight in evaluating a Social Security claimant's alleged disability. *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001). "In general, the opinions of treating physicians are accorded greater weight than those of physicians who examine claimants only once." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 529-30 (6th Cir. 1997). The agency regulations provide that if the Commissioner finds that a treating medical source's opinion on the issues of the nature and severity of a claimant's impairments "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record, [the Commissioner] will give it controlling weight." *Walters*, 127 F.3d at 530, *quoting* 20 C.F.R. § 404.1527(d)(2). An ALJ is not bound by the conclusory statements of doctors, particularly where the statements are unsupported by detailed objective criteria and documentation. *Buxton*, 246 F.3d at 773; *Cohen v. Secretary of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992). In summary, the opinions of a treating physician "are only accorded great weight when they are

---

² SSR's "are binding on all components of the Social Security Administration" and "represent precedent final opinions and orders and statements of policy and interpretations" adopted by the agency. 20 C.F.R. § 402.35(b)(1).

8

supported by sufficient clinical findings and are consistent with the evidence." *Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 287 (6th Cir. 1994); 20 C.F.R. § 404.1526.  Finally, the ALJ must articulate good reasons for not crediting the opinion of a treating source. *See Wilson v. Commissioner of Social Security*, 378 F.3d 541, 545 (6th Cir. 2004).

As an initial matter, the ALJ was not bound by Dr. Marcus' conclusion that plaintiff was "completely disabled." *See* 20 C.F.R. § 404.1527(e)(1) ( "[a] statement by a medical source that you are 'disabled' or 'unable to work' does not mean that [the Commissioner] will determine that you are disabled' ).  Such statements, by even a treating physician, constitute a legal conclusion that is not binding on the Commissioner.  *Crisp v. Secretary of Health and Human Servs.*, 790 F.2d. 450, 452 (6th Cir. 1986).  The determination of disability is the prerogative of the Commissioner, not the treating physician.  *See Houston v. Secretary of Health and Human Servs.*, 736 F.2d 365, 367 (6th Cir. 1984).

The court, however, agrees with plaintiff that the ALJ did not adequately address Dr. Marcus' opinions of July 2006 and August 2007.  Contrary to 20 C.F.R. § 404.1527(d), 20 C.F.R. § 416.927(d) and SSR 96-2p.  While the ALJ recognized that plaintiff has a lengthy history of asthma, he failed to give specific reasons for the weight assigned to Dr. Marcus' opinions or for his conclusion that these opinions were "rather exaggerated."  Despite the fact that the administrative transcript includes over 160 pages of medical records relating to plaintiff's medical history of asthma (AR 19), the ALJ gave no reason for rejecting Dr. Marcus' opinion that specific allergens triggered plaintiff's asthma, i.e., plaintiff's "exposure to dust, perfume, flowers, solvents, smoke, moldy paper, high humidity, and other fumes that are commonly present in many work

9

environments" and that plaintiff suffered severe asthmatic attacks when exposed to these allergens (AR 464). An important purpose of the treating physician rule, as the *Wilson* court noted,

> "is to ensure that a claimant understands the disposition of his or her case, particularly in situations where a claimant knows that his physician has deemed him disabled and therefore might be especially bewildered when told by an administrative bureaucracy that she is not" . . . In such cases, the claimant is entitled to an explanation as to why the agency is rejecting the treating physician's opinion.

*Rabbers v. Commissioner Social Security Administration*, 582 F.3d 647, 657 (6th Cir. 2009), quoting *Wilson*, 378 F.3d at 545 (internal quotation marks and citation omitted).

Under the circumstances of this case, in which plaintiff's treating physician has issued three opinions regarding the disabling nature of plaintiff's medical condition, plaintiff is entitled to an explanation as to why the ALJ summarily rejected those opinions. Accordingly, this matter should be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for a re-evaluation of Dr. Marcus' opinions.

## IV. Recommendation

For the reasons discussed, I respectfully recommend that the Commissioner's decision be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g).


Dated: May 28, 2010          /s/ Hugh W. Brenneman, Jr.
                             HUGH W. BRENNEMAN, JR.
                             United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).