UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAYRIE BOYCE,

        Plaintiff,

v.                                                                                    Case No. 1:09-CV-271

COMMISSIONER OF SOCIAL                         HON. GORDON J. QUIST
SECURITY,

        Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court has before it the Commissioner's Objections to the Magistrate Judge's Report and Recommendation issued on May 28, 2010. In his report and recommendation, the Magistrate Judge recommended that the Administrative Law Judge's (ALJ) decision denying Plaintiff's claim for benefits be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to allow the ALJ to explain why he rejected several opinion letters written by Dr. Marcus, Plaintiff's treating physician, regarding the disabling nature of Plaintiff's medical conditions. After conducting a *de novo* review of the report and recommendation, the Court concludes that it should be adopted as the Opinion of this Court.

The Commissioner argues that the ALJ addressed Dr. Marcus' letters and found that (1) the September 2005 letter was consistent with the record, but (2) the July 2006 and August 2007 letters were "rather exaggerated." The Commissioner's argument is meritless. The regulations state that the ALJ "will always give good reasons in [the] notice of determination or decision for the weight [the ALJ] give[s] your treating source's opinion." 20 C.F.R. § 404.1527(d)(2). This requirement

"ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (citation omitted). Where the ALJ fails to articulate "good reasons" for not crediting the opinion of a treating source, courts have remanded the Commissioner's decisions. *See id.* at 545.

Here, the ALJ violated § 1527(d)(2) by failing to give good reasons for his rejection of Dr. Marcus' opinion letters. The ALJ stated that Dr. Marcus' July 2006 and August 2007 letters "appear rather exaggerated but, yet . . . still essentially indicate that the claimant is not precluded by her asthma from performing all work activity." (A.R. Tr. at 23). As the Magistrate Judge noted, "[d]espite the fact that the administrative transcript includes over 160 pages of medical records relating to plaintiff's medical history of asthma (AR 19), the ALJ gave no reason for rejecting Dr. Marcus' opinion" other than that Dr. Marcus' letters appear "rather exaggerated." (Report and Recommendation, docket no. 14, at 9). The ALJ's analysis is insufficient to permit a meaningful review of his application of the treating physician rule. Thus, the Court will reverse and remand the ALJ's decision. *See Wilson*, 378 F.3d at 546 (stating that "[a] court cannot excuse the denial of a mandatory procedural protection simply because . . . there is sufficient evidence in the record for the ALJ to discount the treating source's opinion and, thus, a different outcome on remand is unlikely.").

Accordingly,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation (docket no. 14) is **APPROVED AND ADOPTED** as the Opinion of this Court.

**IT IS FURTHER ORDERED** that the decision of the Commissioner denying benefits to Plaintiff is **REVERSED AND REMANDED**.

This case is **concluded**.

Dated: July 2, 2010  /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE